907

**CONTRACTORS SUPPLY CORPORA-
TION, Plaintiff,**

v.

**The UNITED STATES of America,
Defendant.**

Civ. A. No. 74–C–23–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Oct. 31, 1974.

Charles D. Fox, III, Hunter, Fox &
Trabue, Roanoke, Va., for plaintiff.

Helen E. Marmoll, Atty. Tax Div.,
Dept. of Justice, Washington, D. C., for
United States.

## OPINION AND ORDER

DALTON, District Judge.

Contractors Supply Corporation, plaintiff, has filed suit in this court against the United States of America, defendant, for a refund of an excise tax which the corporation has paid in full and which the corporation alleges was improperly and illegally assessed.

Plaintiff contends that this court has jurisdiction over the subject matter of this suit by virtue of 26 U.S.C. § 7422. Plaintiff has filed as exhibits copies of the claims for refund that were sent to the District Director of Internal Revenue in Richmond, Virginia.

Defendant has filed a motion to dismiss for lack of jurisdiction over the subject matter based upon 26 U.S.C. § 7422. Defendant alleges that plaintiff has not filed a proper claim for a refund with the District Director in that the claim did not comply with the Treasury Regulations.

This court notes that 26 U.S.C. § 7422 permits suits in federal district courts only after "a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, *and the regulations of the Secretary* or his delegate established in pursuance thereof." (emphasis added). Section 301.6402–2(b)(1) of the Treasury Regulations states that a claim for a tax refund "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof."

Although plaintiff did file a claim for a refund with the District Director, his claim did not set forth in any detail the basis of his broad assertions that the tax was illegal. In fact, the claim merely stated that "(a)ssessment was made contrary to the laws of the United States."

Since this court's jurisdiction does not attach until the administrative procedures mandated by 26 U.S.C. § 7422 and its companion Treasury Regulations have been satisfied, plaintiff's failure to comply with Section 301.6402–2(b)(1) of the Treasury Regulations forecloses jurisdiction in this court. Therefore, it is ORDERED that this suit be dis-

missed because this court is without jurisdiction until the administrative procedures have been duly and properly exhausted.